**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS-NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION PENSION PLAN, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF THE INLAND EMPIRE LABOR MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE NATIONAL IBEW-NECA LABOR MANAGEMENT COMMITTEE, TRUSTEES OF THE RIVERSIDE COUNTY ELECTRICAL HEALTH & WELFARE FUND, LOS ANGELES ELECTRICAL WORKERS CREDIT UNION, CONTRACT COMPLIANCE FUND, NATIONAL ELECTRICAL | No. 09-55766<br><br>D.C. No. 08-CV-4211 (R) (JTL)<br><br>MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

INDUSTRY FUND, and
ADMINISTRATIVE MAINTENANCE
FUND,

                Plaintiffs-Appellees,

   v.

DC ASSOCIATES, INC.,

                Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 6, 2010
Pasadena, California

Before:     O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District Judge.[**]

    DC Associates, Inc. ("DC") appeals a summary judgment in favor of the trustees of various employee-benefit plans (collectively, "the Trustees"). We assume familiarity with the facts and prior proceedings. Reviewing *de novo* and taking the evidence in the light most favorable to DC, *see PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 923 (9th Cir. 2010), we conclude that there is a genuine issue

---

     [**]    The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

of material fact as to whether DC was bound to the terms of the Sound Agreement with respect to work performed by members of IBEW Local 11 in Los Angeles County. We therefore reverse the summary judgment and remand for trial.

I

It is undisputed that DC signed a letter of assent binding it to the Sound Agreement with respect to work performed by members of the IBEW locals for Riverside and San Bernardino Counties. The agreement, however, is subject to two plausible interpretations as to the effect of that assent. The Trustees' position that an employer who agrees to be bound with respect to work performed in *any* covered jurisdiction is bound with respect to work performed in *all* covered jurisdictions is supported by declarations from the parties who negotiated the agreement. DC's position that it is bound only with respect to work performed in those jurisdictions where it has explicit agreements with the corresponding locals is supported by (1) the existence of the Alarm Agreement, (2) declarations by the negotiating parties that the Alarm Agreement was specifically created to supersede the Sound Agreement with respect to alarm work performed in Los Angeles County (Local 11's jurisdiction), and (3) evidence that those parties continued to negotiate extensions of the Alarm Agreement long after DC signed the letter of assent to the Sound Agreement. "[W]hen an agreement's meaning is not clear on

3

its face and contrary inferences as to intent are possible, there exists an issue of material fact for which summary judgment is ordinarily inappropriate." *Ariz. Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.*, 753 F.2d 1512, 1518 (9th Cir. 1985).

II

Although an employer may "embark[] on a course of conduct evincing an intention to be bound" to a collective bargaining agreement, *Haw. Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 n.8 (9th Cir. 1987), we are not persuaded that DC's conduct conclusively establishes its acquiescence in the Trustees' interpretation. It is true that DC's certified payroll reports ("CPRs") for public works projects listed base wage rates and job classifications that were consistent with the Sound Agreement. However, Douglas Latham, DC's principal, attested that the CPRs were submitted only to demonstrate compliance with California's prevailing wage requirements, and that DC classified its workers as "fire alarm technicians" until the state eliminated that category from its list of available classifications in 2002 or 2003. Latham's declaration was supported by a letter from California's prevailing wage authority to the effect that the state's reliance on the Sound Agreement for the prevailing wage for a particular job classification did not bind DC to that agreement.

4

It is also undisputed that DC made some benefit contributions for work performed in Los Angeles County in accordance with the Sound Agreement. Latham attested, however, that those contributions were made only for work performed by members of IBEW Local 441. DC never made contributions under the Sound Agreement for work performed by members of Local 11.

## III

Finally, the Trustees argue that the Project Stabilization Agreement ("PSA") between the Los Angeles Unified School District and the Los Angeles/Orange Counties Building and Construction Trades Council required DC to make contributions in accordance with the Sound Agreement for work on district projects. Latham attested, however, that DC had no notice of the PSA or its terms at the time the work was performed.

## IV

We express no opinion as to which of the parties' competing interpretations of the Sound Agreement is correct. We hold only that the issue cannot be decided as a matter of law and, therefore, must await resolution by a trier of fact.

**REVERSED and REMANDED.**

5